UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARIA NERON, | : | CIVIL ACTION NO.  3:22-cv-469 |
| | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| AMEDISYS HOLDING, LLC, | : | |
| | : | |
| Defendant. | : | MARCH 31, 2022 |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Amedisys Holding, LLC ("Amedisys" or "Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1332, 1441(b), and 1446, hereby submits this Notice of Removal of this action from the State of Connecticut Superior Court, to the United States District Court for the District of Connecticut.  The grounds for removal are:

1. On or about March 3, 2022, Plaintiff Maria Neron ("Plaintiff") filed a Complaint in the State of Connecticut, New Haven Judicial District Superior Court, captioned: *Maria Neron v. Amedisys Holding, LLC,* Docket No. NNH-CV22-6121790-S (the "State Court Action"), returnable March 29, 2022.  *See* State Court Action, attached hereto as **Exhibit A**.  In her State Court Action, Plaintiff claims Amedisys violated the Connecticut Fair Employment Practices Act ("CFEPA") on the basis of Plaintiff's alleged disability (Count I), age (Count II), and race (Count III).  Plaintiff also alleges Amedisys interfered with her rights under the Family and Medical Leave Act ("FMLA") (Count IV) and retaliated against her in violation of the FMLA (Count V).  Plaintiff also alleges Amedisys "wrongfully terminated" her employment in violation of Conn. Gen. Stat. § 31-51q (Count VI) and Connecticut public policy (Count VII).  *See* **Exhibit A**, *passim.*

2. On March 3, 2022, the Commissioner of the Superior Court Clerk issued Summons in the State Court Action.  *See* Summons, attached hereto as **Exhibit B.**  On March 8, 2022, Plaintiff served Amedisys with said summons.  Accordingly, this Notice of Removal is being filed

within thirty (30) days of the first day of service pursuant to 28 U.S.C. § 1446(b) and, therefore, is timely.  *See* **Exhibit B.**

**This Court Possesses Original Federal Question Jurisdiction Over Plaintiff's Federal FMLA Claims and Supplemental Jurisdiction Over Plaintiff's State Law Claims**

3. In the State Court Action, Plaintiff asserts violations of the FMLA.  *See* **Exhibit A,** Counts IV and V.  Accordingly, based upon Plaintiff's Complaint, this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331, in that this case arises under the laws of the United States.  *See American Well Works Co. v. Layne and Bowler Co.,* 241 U.S. 257, 260 (1916) ("A suit arises under the law that creates the cause of action.").

4. Plaintiff's Complaint makes clear that her state law claims under CFEPA, Conn. Gen. Stat. § 31-51q, and Connecticut common law arise from the same set of operative facts as her federal FMLA claims.  In fact, each of Plaintiff's claims (federal and state) rely upon the facts as alleged in ¶¶ 1-43 of Plaintiff's Complaint.  *See* **Exhibit A.**  It is well-settled that federal-law and state-law claims form part of the same case or controversy where they "'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'"  *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 349, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (alteration in original)). "This is so even if the state law claim is asserted against a party different from the one named in the federal claim." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.,* 373 F.3d 296, 308 (2d Cir. 2004).

5. Because Plaintiff's federal claims and state law claims are grounded in the same set of operative facts and from the same case or controversy, it is without dispute that Plaintiff's claims can be (and should be) effectively litigated in this forum by this Court exercising supplemental jurisdiction over Plaintiff's state law claims.  28 U.S.C. § 1367.

**This Court Also Possesses Original Diversity Jurisdiction**

6. Removal based on federal diversity jurisdiction requires that the parties be of diverse citizenship and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a)(1). Federal jurisdiction in a diversity case is determined at the time of removal. *See, e.g., Yong Qin Luo v. Mikel,* 625 F.3d 772, 776 (2d Cir. 2010). In this case, there is complete diversity amongst the Plaintiff and Defendant and the amount in controversy clearly exceeds $75,000.

**I.     *The Parties Are Diverse***

7. In this case, Plaintiff alleges she is a citizen of the State of Connecticut. *See* Exhibit A, ¶ 1. Thus, there is complete diversity amongst the parties if Defendant is not a citizen of the State of Connecticut. Here, Plaintiff named Amedisys Holding, LLC as the sole Defendant. *See* Exhibit A. As established below, Defendant is not a Connecticut resident for purposes of diversity jurisdiction.

8. For purposes of diversity jurisdiction, citizenship of a limited liability company is that of its members. *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000) (looking to citizenship of members of LLC parties to determine whether complete diversity existed); *Sea Green Holdings, LLC v. Angera,* 2018 WL 1737643, *2 (D. Ct. 2018).

7. Here, Amedisys Holding, LLC's sole member is "Amedisys, Inc.," a Delaware Corporation. *See* Secretary of State Record, attached hereto as **Exhibit C.** "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1)). Amedisys, Inc., is a publicly-traded corporation whose legal name is "Amedisys, Inc. (A Delaware Corporation)." Amedisys, Inc., is incorporated in Delaware and maintains its principal place of business and corporate headquarters in Baton Rouge, Louisiana. *See* Delaware

Secretary of State Record, attached as **Exhibit D**. Thus, for purposes of diversity jurisdiction, Amedisys, Inc. is a citizen of Delaware and Louisiana.

8. Because Plaintiff is a citizen of Connecticut (**Exhibit A, ¶** 1), the parties are completely diverse for purposes of diversity jurisdiction. Thus, the only remaining issue is whether there is more than $75,000 in controversy, which as established below, there clearly is.

II. *The Amount In Controversy Exceeds $75,000*

9. A removal action is proper based on the amount in controversy asserted in the removal notice if the defendant proves that "it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount. *Scherer v. Equitable Life Assurance Society of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003). In this case, the damages sought by Plaintiff in her Complaint make clear that she seeks damages far exceeding $75,000.

10. In her Complaint, Plaintiff seeks the following categories of monetary damages (presumably with accrued interest): (1) money damages presumably in the form of back pay and emotional distress; (2) front pay; (3) punitive damages; (4) liquidated damages; and (5) attorneys' fees. *See* **Exhibit A**, Prayer for Relief, p. 15.

11. Plaintiffs' alleged entitlement to back pay when liquidated brings the amount in controversy close to $75,000. At the time Amedisys terminated Plaintiff's employment, she earned an annual salary of $116,961.47 per year plus bonus.[1] According to Plaintiff's Complaint, Amedisys terminated Plaintiff's employment on or about December 17, 2021. *See* **Exhibit A, ¶¶** 38-39. Thus, as of March 30, 2022, Plaintiff has been unemployed for 14 weeks and 5 days. Accordingly, Plaintiff's unmitigated backpay is at least $33,064 (14.7 weeks * $2,249.26 per week). This amount—when liquidated under the FMLA as demanded by Plaintiff, *see* 29 U.S.C.

---

[1] Broken down by week, Plaintiff earned $2,249.26 per week.

§ 2617(a)(1)(A)(iii)—is $66,128.  This amount does not include any potential bonuses to which Plaintiff would have arguably been entitled, the amount of any lost benefit(s), or any alleged "front pay" to which she claims entitlement.  These amounts collectively take the amount in controversy well over the $75,000 threshold.

12. Plaintiff also seeks an award for "money damages," which presumably encompasses an award for "compensatory damages."  And because Plaintiff's putative entitlement to attorneys' fees is provided for by statute, it too is appropriate in considering the amount in controversy.  *See, e.g., Ins. Co. of State of Pa. v. Waterfield*, 371 F. Supp. 2d 146, 149 (D. Conn. 2005) ("Attorney's fees may be included in the amount in controversy if they are recoverable as of right pursuant to statute or contract.").  In this case, assuming Plaintiff's attorney charges a modest hourly rate of $200 per hour and spends a modest 250 hours litigating this case through trial, then Plaintiff's claim to attorneys' fees alone would be an additional $50,000 ($200 per hour x 250 hours).

13. Based on these combined damages – back pay, front pay, lost benefits, costs, attorneys' fees, and compensatory damages – there can be little dispute that the amount in controversy more likely than not exceeds the statutory requirement for federal jurisdiction.  *See, e.g., Foster v. Massachusetts Mut. Life Ins. Co.,* 2002 WL 32503666 (D. Conn. 2002) (explaining that in an employment case, compensatory damages for lost wages and benefits, punitive damages, and attorney's fees, the defendant had established, based upon $71,500 in lost wages and benefits alone that, there was a reasonable probability the amount in controversy exceeded $75,000).

## This Matter Should Proceed in This Court

14. Based upon Plaintiffs' Complaint and the preceding facts, this cause of action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446.

15. Furthermore, removal is proper to the United States District Court for the District of Connecticut because this federal district encompasses New Haven, Connecticut, where Plaintiff originally filed the State Court Action.  *See* **Exhibit A.**

16. Pursuant to 28 U.S.C. § 1446(b)(2)(A), the sole defendant consents in writing to the removal of the State Court Action to this Court.

17. Defendant affirms a true and correct copy of this Notice of Removal will be filed with the Clerk of the New Haven Judicial District Superior Court, promptly after the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d).  A copy of this Notice and the state court Notice will be mailed and sent via email and First-Class Mail to Plaintiff's attorney of record.

18. In accordance with 28 U.S.C. § 1446(a), Amedisys has attached hereto as **Exhibit E** copies of all process, pleadings, and orders served upon it in this action.

**WHEREFORE,** Defendant Amedisys Holding, LLC hereby notifies this Court, Plaintiff, and the Clerk for the Superior Court that the above-captioned matter, is hereby removed to this Court.

                                             DEFENDANT
                                             AMEDISYS HOLDING, LLC

                                             */s/ Jeffrey A. Fritz*_____
                                             Jeffrey A. Fritz (ct26667)
                                             Fisher & Phillips LLP
                                             200 State Street, 7th Floor
                                             Boston, Massachusetts 02109
                                             (617) 722-0044
                                             *jfritz@fisherphillips.com*

                                             Its Attorney

- 7 -

## CERTIFICATE OF SERVICE

  THIS IS TO CERTIFY that a copy of the foregoing was emailed and mailed this date, postage prepaid, to:

Emanuele R. Cicchiello
Cicchiello & Cicchiello LLP
364 Franklin Avenue
Hartford, Connecticut 06114
*manny@cicchielloesq.com*

*Plaintiff's Counsel*

             */s/ Jeffrey A. Fritz*
              Jeffrey A. Fritz